J-S24037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERECK WELLS, | : | |
| | : | |
| Appellant | : | No. 3205 EDA 2014 |

Appeal from the PCRA Order entered on September 18, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0006558-2009

BEFORE:  GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED APRIL 29, 2015**

Dereck Wells ("Wells") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2010, following a jury trial, Wells was convicted of robbery, aggravated assault, possession of an instrument of crime, and theft by unlawful taking.[1]  The trial court sentenced Wells to an aggregate term of five to ten years in prison, and an additional five years of probation.  On September 19, 2011, this Court affirmed the judgment of sentence. **Commonwealth v. Wells**, 34 A.3d 231 (Pa. Super. 2011) (unpublished memorandum).  Wells did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

---

[1] 18 Pa.C.S.A. §§ 3701, 2702, 907, 3921.

Wells filed his first PCRA Petition, *pro se*, in 2011. The PCRA court appointed Wells counsel, who filed an amended Petition. Following a hearing, the PCRA court denied Wells's Petition. Wells did not file a notice of appeal.

Wells filed the instant "Motion for Writ of *Habeas Corpus*/Time Credit," *pro se*, in October 2013, arguing that his sentence was illegal because he did not receive credit for time served prior to sentencing. Prior to consideration of the Motion, Wells filed an identical Motion in July 2014. The PCRA court addressed the Motions together and treated them as a PCRA Petition.[2] After issuing a Notice of Intent to Dismiss, the PCRA court dismissed Wells's Petition as untimely filed. Wells filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Wells raises the following questions for our review:

I. [Whether the PCRA] court erred when it determined [that Wells's Petition was] untimely[?]

II. [Whether Wells] must be granted credit for all time spent in custody [] from February 2, 2009[,] to July 27, 2010[?] []

Brief for Appellant at v (questions reordered for ease of disposition).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

---

[2] *See **Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (stating that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA.").

level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first claim, Wells argues that the PCRA court erred in dismissing his Petition as untimely. *See* Brief for Appellant at 7. Wells claims that although his Petition is facially untimely, he was previously unaware that he had not received credit for the time he served in custody prior to sentencing. *Id.* at 7-9.

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Wells's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition

invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Wells invokes the newly-discovered facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). Brief for Appellant at 9. Wells asserts that, prior to receiving the PCRA court's Notice of Intent to Dismiss, he was unaware that he had not received credit for time spent in custody prior to sentencing. *Id.* Further, Wells claims that he practiced due diligence, and therefore could not have learned that he was deprived of time credit sooner. *Id.*

The Pennsylvania Supreme Court "has held that, for purposes of 42 Pa.C.S.[A.] § 9545(b)(1)(ii), information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006). Further, "[t]he after-discovered evidence exception [] focuses on newly discovered *facts*, not on a newly discovered or a newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004).

Here, Wells's judgment of sentence was imposed July 27, 2010, and the trial court did not award credit for time served. Thus, the terms of Wells's sentence were known to him in 2010. Further, Wells has not demonstrated that he raised the claim within 60 days of when it could have been raised. Therefore, Wells has failed to plead and prove the newly-

discovered facts exception provided in 42 Pa.C.S.A. § 9545(b)(1)(ii) to overcome the untimeliness of his Petition.

In his second claim, Wells argues that he must be granted credit for the time he spent in custody prior to sentencing. Brief for Appellant at 5. He claims that he was unjustly subjected to a longer term of confinement simply because he could not furnish bail. *Id.* at 6.

However, because Wells failed to overcome the untimeliness of his Petition, we may not address the merits of his claim. *See Albrecht*, 994 A.2d at 1093; *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that legality of sentence claims must be raised in a timely PCRA petition). Regardless, "[i]t is well established that there is no constitutional right to credit for time served prior to trial or sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2015