**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Eric Richard JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 2008.

Filed Feb. 26, 2009.

———————

Brian Gorman, Washington, for appellant.

Benjamin J. Ciocco, Assistant District Attorney Washington, for Commonwealth appellee.

BEFORE: BOWES, FREEDBERG, and FITZGERALD *, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas for Washington County after a hearing in which Eric Richard Johnson ("Appellant") was found to be in violation of his probation. We vacate the sentence and remand to the trial court for resentencing in accordance with the reasoning set forth below.

¶ 2 The facts are not in dispute. On July 27, 2006, Appellant was charged with Possession of a Controlled Substance (two counts), Possession with Intent to Deliver a Controlled Substance (two counts) and Dealing in Proceeds of Unlawful Activities. After a preliminary hearing, all charges were held over for court. Subsequently, Appellant missed a scheduled court appearance. He was arrested on a bench warrant and incarcerated. Appellant did not post bail and, therefore, remained incarcerated until October 11, 2007. On that date, Appellant pleaded guilty to one felony count of Possession with Intent to Deliver a Controlled Substance. The trial court sentenced him to twenty-three months probation including participation in a drug treatment program. Appellant was released the following day.

¶ 3 On November 8, 2007, pursuant to a probation detainer, Appellant was incarcerated for missing curfew in violation of the terms of his drug treatment program. On January 10, 2008, the trial court revoked his probation and resentenced him to a period of incarceration of not less than fifteen months to no more than thirty months, to be served in a state correctional facility. After specific request by Appellant's counsel, the trial court refused to award any credit for time served.

 ¶ 4 The sole question Appellant raises on appeal [1] is whether the trial court erred or abused its discretion in denying Appellant's motion at resentencing for credit for time served for those periods of

———————

* Former Justice specially assigned to the Superior Court.

1. After timely notice of appeal and in accordance with the trial court's direction, Appellant filed a statement of matters complained of on appeal. Thereafter, the trial court filed a Pa.R.A.P.1925(a) Opinion.

time he spent incarcerated prior to conviction, from June 21, 2007 to October 12, 2007, and pursuant to the probation detainer, from November 8, 2007 to January 9, 2008. We find that Appellant is entitled to credit for the time served.

¶ 5 "The review in an appeal from judgment of sentence which has been imposed following revocation of probation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." *Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336, 1337 (1990) (internal quotations omitted), *citing Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425, 427 (1975). A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. *Commonwealth v. Menezes,* 871 A.2d 204, 207 (Pa.Super.2005), *citing Commonwealth v. Hollawell,* 413 Pa.Super. 42, 604 A.2d 723 (1992).

¶ 6 It is well established that there is no constitutional right to credit for time served prior to trial or sentence. *Martin v. Pennsylvania Board of Probation and Parole,* 576 Pa. 588, 840 A.2d 299, 304 (2004), *citing Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Statutes which afford pre-sentence confinement credit are founded upon the recognition that "an indigent offender, unable to furnish bail, should serve no more and no less time in confinement than an otherwise identically situated offender who

succeeds in furnishing bail." *Martin,* 840 A.2d at 304.[2]

¶ 7 In Pennsylvania, our legislature has codified pre-sentence confinement credit in the following manner:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum

---

2. *Martin* addressed the award of credit for time served in the context of a parole violation. Clearly, there is a distinction between parole and probation. *See Commonwealth v. Holmes,* 593 Pa. 601, 933 A.2d 57, 59 n. 5 (2007). Nevertheless, *Martin* is instructive insofar as it provides general insight into statutes which mandate credit for time served. *Martin,* 840 A.2d at 304; *see also Common-*

*wealth v. Smith,* 853 A.2d 1020, 1026 (Pa.Super.2004) (relying upon *Martin* in the context of a probation violation and noting that "*Martin* is nonetheless presently instructive because it addresses equitable crediting of pre-trial incarceration when that incarceration is attributable to more than one set of offenses.").

and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

¶ 8 Here, Appellant was originally sentenced to a period of probation contingent upon his completion of a drug treatment program. Section 9760 does not specifically address Appellant's situation, and there is no prior case in Pennsylvania directly on point. Therefore, such case law as it exists provides limited guidance. *See, e.g., McCray v. Pennsylvania Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127 (2005) (denying appellant double credit for time served in the context of a *mandamus* action)[3]; *Commonwealth v. Yakell*, 876 A.2d 1040 (Pa.Super.2005) (suggesting that credit for time served is left to the clearly stated discretion of the trial court); *Commonwealth v. Smith*, 853 A.2d 1020 (Pa.Super.2004) (holding that the trial court must award credit for time served, when a defendant is held on both a probation detainer and new charges, to either the original sentence or to a new sentence imposed pursuant to the new charges); *Commonwealth v. Bowser*, 783 A.2d 348

---

**3.** In *McCray*, appellant received a split sentence, meaning the sentence included a period of incarceration, as well as a period of probation, with credit for time served. *McCray*, 872 A.2d at 1129. Upon revocation of his probation, appellant was resentenced. *Id.* The trial court did not incorporate appellant's previously awarded credit for time served into his new sentence. *Id.* Subsequently, appellant petitioned the Department of Corrections to award him credit for time served during his initial sentence. *Id.* The Department denied this petition. *Id.* The appellant filed a petition for review in the original jurisdiction of the Commonwealth Court which reversed the denial of the Department and awarded appellant credit for time served. *McCray v. Pennsylvania Dept. of Corrections*, 807 A.2d 938 (Pa.Cmwlth.2002). The Supreme Court reversed the Commonwealth Court, concluding that appellant had failed to establish a clear right to relief in the context of a *mandamus* action. *McCray v. Pennsylvania Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127, 1132 (2005), *citing Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001). The Supreme Court also noted that there was no concern regarding the imposition of an illegal sentence. *McCray*, 872 at 1132, *citing Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995).

The facts in *McCray* and *Bowser* are quite similar. In both cases, the appellants originally received a split sentence. *McCray* at 1129; *Bowser*, 783 A.2d at 349. In both cases, the appellants received credit for time served. *McCray* at 1129; *Bowser* at 349. In both cases, the appellants violated the terms of their probation and were resentenced. *McCray* at 1129; *Bowser* at 349. In both cases, the appellants sought double credit for time served. *McCray* at 1129; *Bowser* at 350. In both cases, the appellants were appropriately denied double credit for time served. *McCray* at 1132; *Bowser* at 350 ("Credit has been given once ... We see no reason to award duplicate credit in the second component of the sentence."). Instantly, if Appellant, at his initial sentence, had received credit for the time he served prior to his initial sentencing, then *McCray* and *Bowser* would apply. However, that is not the case. Indeed, none of the relevant facts present in *McCray* and *Bowser* are present here. Here, Appellant was sentenced to probation; there was no split sentence. Here, Appellant never received any credit for time served. Here, Appellant does not seek double credit for time served.

(Pa.Super.2001) (declining to award double credit for time served where a defendant previously received credit towards incarceration in a split sentence, and citing but failing to discuss the impact of Section 9760); *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995) (relying upon Section 9760(1) and holding that the trial court must credit time served if a sentence imposed following revocation of probation would otherwise exceed the maximum sentence allowed by law); *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723 (1992) (holding that credit awarded to one set of charges cannot be transferred to another).

¶ 9 Appellant contends that pursuant to Section 9760(2) the sentencing court must afford him credit; to hold otherwise would limit the effect of the statute to the constitutionally prohibited scenario in which a defendant is subjected to double jeopardy. *See* Brief for Appellant, p. 9. This argument is misplaced, as Section 9760(2) is not relevant to the matter before us. Section 9760(2) relates solely to those cases in which a defendant is "reprosecuted and resentenced for the same offense or for another offense based on the same acts." 42 Pa.C.S.A. § 9760(2). Thus, this section applies to the following, limited scenario: a defendant is convicted and sentenced; the defendant successfully appeals and is awarded a new trial; the defendant is reprosecuted, convicted and resentenced. *See, e.g., Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978) (finding that defendant's third conviction after previous trial errors was not precluded under double jeopardy principles).

¶ 10 In this case, Appellant has not been reprosecuted. Rather, Appellant was resentenced following a probation violation hearing. A probation violation hearing "differs from a trial, as probation and parole are not part of the criminal prose-cution." *Commonwealth v. Mullins*, 591 Pa. 341, 918 A.2d 82, 85 (2007). Revocation of probation and resentencing does not implicate double jeopardy precisely because "revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence." *Mullins*, 918 A.2d at 85, *citing Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218, 1220 (1982).

¶ 11 Nevertheless, we find that Section 9760(1) entitles Appellant to credit for time served. This section mandates that "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based" must be credited to a defendant. 42 Pa. C.S.A. § 9760(1). The plain language of this statute clearly requires that Appellant is entitled to credit for all time he spent incarcerated prior to his resentencing on January 10, 2008.

¶ 12 Justice Saylor has recently noted that our jurisprudence has "unduly limited the effect of Section 9760(1)'s plain language." *McCray v. Pennsylvania Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127, 1137 (2005) (Saylor, J., concurring).

> Some of the complexity of our sentencing law arises from the failure to uniformly apply commonly understood procedures such as that which is prescribed by Section 9760(1) ... [t]he courts merely should apply the straightforward, statutorily-prescribed rule requiring the affordance of credit for time that the defendant has spent in custody as a result of the charge for which the new sentence is imposed. The alternative approach presently in practice results in unevenness and diminished clarity in sentencing, and, in my view, departs from the plain terms of the statute.

*McCray*, 872 A.2d at 1137 n. 2 (Saylor, J., concurring) (internal citation omitted).

¶ 13 Moreover, the principle which guides our double jeopardy jurisprudence as it relates to probation revocation serves well in the matter before us.

> It is also clear from our case law that a vacated sentence is a nullity and the defendant is restored to the status of unsentenced; thus for purposes of double jeopardy analysis the vacated sentence does not limit the sentencing court.

*Commonwealth v. Hunter*, 321 Pa.Super. 333, 468 A.2d 505, 507 n. 2 (1983) (discussing resentence after revocation of probation), *citing Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978); *see also Commonwealth v. Wilson*, 594 Pa. 106, 934 A.2d 1191, 1196 (2007) (noting that when an original sentence is vacated, it is rendered a legal nullity); *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218, 1220 (1982) (concluding that an appellant, "having violated the conditions of his probation, was placed in the same position that he was in at the time of his original conviction").

¶ 14 Revocation of the probation places Appellant in the same position he was in at the time of his original sentencing. Clearly, at the time of his original sentencing, the trial court was required to credit Appellant with time served pursuant to Section 9760(1). Therefore, upon revocation of his probation and resentencing, the trial court was required to credit Appellant with all time served.

¶ 15 Judgment of sentence is vacated. Case remanded for resentencing. Jurisdiction is relinquished.

¶ 16 Justice FITZGERALD files a Concurring/Dissenting opinion.

## CONCURRING AND DISSENTING OPINION BY FITZGERALD, J.:

¶ 1 I concur with the learned majority to the extent it concludes Appellant is entitled to credit for time served from November 8, 2007 to January 9, 2008 (sixty-two days), which represents time served prior to imposition of the violation of probation ("VOP") sentence. However, I believe the majority's holding in regard to credit for the original sentence clearly contradicts the established caselaw of this Court and our Supreme Court. Accordingly, I respectfully dissent from the majority's conclusion that Appellant is entitled automatically to credit for his 113 days of time served prior to the imposition of his original sentence of 23 months' probation.

¶ 2 We must look initially to Section 9771 of the Sentencing Code, which is contained under Subsection F, entitled, "Further Judicial Action."

### § 9771. Modification or revocation of order of probation

\* \* \*

(b) **Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 Pa.C.S. § 9771(b). Section 9760 addresses credit for time served and is located under Subchapter E of the Sentencing Code, entitled "Imposition of Sentence." "The principle underlying section 9760 is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa.Super.2008). "[C]ourts have long held the failure to award credit for time served prior to sentencing involves the legality of sentence." *Commonwealth v. Foster*, 960 A.2d 160, 170 n. 5 (Pa.Super.2008).

¶ 3 Our initial examination of Section 9760's involvement in VOP proceedings occurred in 1995. In *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995), this Court agreed with Williams that imposing the maximum sentence after a VOP hearing was illegal when he had already served some time after imposition of the original sentence. *Id.* at 659. Based on Section 9760(1), the *Williams* Court concluded that Appellant could not be incarcerated for a total amount of time surpassing the maximum sentence for the original crime. *Id.* In contrast, this Court in *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001), held that because the total sentence of incarceration was not illegal, the *Williams* holding did not apply, thereby negating the need to credit the VOP sentence with time served for the original sentence. *Id.* at 350.[1] In *Commonwealth v. Yakell*, 876 A.2d 1040 (Pa.Super.2005), this Court reaffirmed the holdings in *Williams* and *Bowser* that the PCRA court "was within its right not to grant any credit for the time served on the original sentence" because the aggregate sentence was less than the statutory maximum. *Yakell*, 876 A.2d at 1043.[2]

¶ 4 The Pennsylvania Supreme Court addressed a similar issue in *McCray v. Pennsylvania Dep't of Corrections*, 582 Pa. 440, 872 A.2d 1127 (2005).[3] In *McCray*, the trial court sentenced McCray to eleven-and-a-half to twenty-three months in prison "and a concurrent probation term of ten years, with credit for time served." *Id.* at 443, 872 A.2d at 1129. Following a

petition for reconsideration, the court "vacated the previous sentence and imposed a new sentence consisting of time served to twenty-three months, credit for time served, the immediate grant of parole, and ten years of probation to run concurrently." *Id.* at 443–44, 872 A.2d at 1129 (footnote omitted). Because McCray violated his probation, his probation was revoked and he was sentenced to two to four years in prison followed by five years of probation. *Id.* at 444, 872 A.2d at 1129. McCray requested, and the Department of Corrections denied, credit for the twenty months of time served **prior to** imposition of the original sentence. *Id.* at 444 n. 5, 872 A.2d at 1129 n. 5.

¶ 5 McCray appealed to the Commonwealth Court, essentially requesting a writ of *mandamus*.

The Commonwealth Court reviewed applicable case law, particularly *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001) ... and *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995).... The [Commonwealth C]ourt rejected the holdings in both cases, relying on Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760, which states that a defendant must be given credit for all time spent in custody under a prior sentence if that defendant is later reprosecuted and resentenced for the same offense.

*Id.* at 444–45, 872 A.2d at 1129–30 (footnotes omitted). The Commonwealth Court held McCray was entitled to credit, and

---

1. The *Bowser* Court also reasoned that because time served was previously credited, the defendant was not entitled to double credit.

2. The *Yakell* Court remanded for further proceedings because it could not discern the intent of the sentencing court. I also observe that Judge Olszewski, who wrote the dissent in *Bowser*, authored the unanimous decision in *Yakell*.

3. I acknowledge that *McCray* examined whether the defendant fulfilled the procedural requirements for a writ of *mandamus*. One of the requirements for the writ, however, is whether the defendant has established a substantive, clear right to relief. *McCray*, 582 Pa. at 449, 872 A.2d at 1132.

the Pennsylvania Department of Corrections appealed to the Pennsylvania Supreme Court. *Id.* at 442–43, 872 A.2d at 1128.

¶ 6 In resolving the appeal, the *McCray* Court discussed this Court's decisions in *Bowser* and *Williams:*

> In *Bowser,* the majority of the Superior Court panel held that Section 9760 of the Sentencing Code and *Williams* **only** apply when the maximum term of the revocation sentence combined with the time previously served on the original sentence exceed the statutory maximum penalty for the criminal charge. Such concerns are not present in the instant matter.

*Id.* at 449, 872 A.2d at 1132 (emphasis added). The *McCray* Court reversed the Commonwealth Court, reasoning:

> McCray's position echoes that of Judge Olszewski in his dissenting opinion in *Bowser* in which he expressed his belief that Section 9760(1) of the Sentencing Code mandates that an inmate is entitled to credit on any sentence "for **all** time spent in custody as a result of the criminal charge for which a prison sentence is imposed...." Considering the existence of the *Williams* and *Bowser* decisions, and the fact that Section 9760 appears in Subchapter E of the Sentencing Code governing "Imposition of Sentence" and not in Subchapter F governing "Further Judicial Action," which includes Section 9771 (Modification or revocation of order of probation), it can-

not be said that McCray had a clear right to relief.

*Id.* at 450, 872 A.2d at 1132 (emphasis added).[4]

¶ 7 Instantly, I cannot agree with the majority's statement that *McCray, Yakell, Bowser,* and *Williams* offer limited guidance as to whether Appellant is entitled to credit for the 113 days he served prior to imposition of his original sentence. I believe *Yakell,* in fact, speaks clearly to this issue when it found that the court was **"within its right not to grant** any credit for the time served on the original sentence," so long as the aggregate amount of time served does not exceed the statutory maximum. *See Yakell,* 876 A.2d at 1043 (emphasis added). I cannot see the logic in mandating that a court must always award credit for time served **prior** to the original sentence, when that court is not required to award credit for time served **after** the original sentence.[5] *See id.* Similar to McCray, Appellant was sentenced to probation, violated his probation, had his probation revoked, and was sentenced to fifteen to thirty months in prison. Also like McCray, Appellant requested that he receive credit for the days he served in prison prior to his initial sentence of probation, in Appellant's case totaling 113 days. Because the *McCray* Court found no substantive, clear right to relief in denying VOP-sentencing credit for the twenty months spent in prison prior to imposition of McCray's original sentence, *see id.* at 450, 872 A.2d at 1132, I cannot agree with the majority's mandate that the 113 days Appellant served prior to imposition

---

4. In his concurring opinion, then-Justice, now-Chief Justice Castille, wrote: "So long as the aggregate sentence (initial sentence plus VOP sentence) is less than the statutory maximum, I would hold here, as Justice Eakin did in *Bowser,* that duplicative credit for time served is inappropriate." *Id.* at 456, 872 A.2d at 1136.

5. It is particularly relevant to note that the statutory maximum sentence for his original conviction was ten years' incarceration. Therefore, even if we were to add all the time for which Appellant seeks credit, his incarceration time would still fall well below the statutory maximum.

of his original sentence must be credited to his VOP sentence. *See id.; Yakell, supra.*

¶ 8 Further, the majority's reasoning seemingly mirrors the Commonwealth Court's holding in *McCray,* which was reversed, and Judge Olszewski's dissent in *Bowser,* which our Supreme Court rejected. In light of *McCray* and *Yakell,* and absent further clarification by our Supreme Court, I cannot conclude Section 9760(1) mandates that time spent in custody prior to imposition of the original sentence must automatically be credited toward a subsequent VOP sentence.[6] For all these reasons, I must respectfully dissent from that part of the majority's decision mandating the award of 113 days of credit for time served.

¶ 9 I note, however, that the issue of granting credit for time served prior to imposition of the VOP sentence was not at issue in *Williams, Bowser, Yakell,* or *McCray.* These cases did not address whether a defendant should receive credit for time served immediately prior to imposition of a VOP sentence, but rather whether a defendant should receive credit for time served for or prior to imposition of the original sentence. Initially, it would appear that the *McCray/Yakell* line of cases would also permit the trial court to deny credit for this time served, since the aggregate time of incarceration would not exceed the statutory maximum. In relation to this particular period of incarceration, however, I agree with the majority that the *McCray/Yakell* line of cases offer little guidance, other than that Section 9760 is a consideration for VOP sentences. *See Yakell,* 876 A.2d at 1043 (noting that Section 9760 requires credit for time served in certain VOP circumstances);

*Williams,* 662 A.2d at 659 (relying on Section 9760 to find that the appellant was entitled to credit for time served when the aggregate amount of time served exceeded the statutory maximum). In applying Section 9760 to the instant facts, Appellant's sixty-two days of incarceration from November 8, 2007, until January 9, 2008, relate directly to his VOP sentence. Because there is no disconnect between that time served and the sentence he is currently ordered to serve, I would conclude that he is entitled to credit for those sixty-two days. Accordingly, I both concur and dissent from the majority's decision.

---

**6.** I note the majority quotes a footnote in Justice Saylor's concurrence in *McCray* regarding the language of Section 9760(1). *McCray,* 582 Pa. at 458 n. 2, 872 A.2d at 1137

n. 2 (Saylor, J., concurring). Justice Saylor also proposed to overrule *Bowser.* Five Justices, however, declined to join Justice Saylor.