J-S04036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VERNON HALL, | : | |
| | : | |
| Appellant | : | No. 392 MDA 2014 |

Appeal from the PCRA Order Entered January 28, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000752-2012,
CP-35-CR-0001776-2011

BEFORE:    BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 10, 2015**

Vernon Hall (Appellant) appeals *pro se* from the order entered on January 28, 2014, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings.

We glean the following from the certified record and the PCRA court's docket.  At trial court docket number CP-35-0001976-2011, Appellant pled guilty to criminal trespass.  At trial court docket number CP-35-0000752-2012, Appellant pled guilty to possession with the intent to deliver a controlled substance.  He was sentenced at both docket numbers on September 25, 2012.  Appellant timely filed a motion for reconsideration of sentence, which the trial court denied on October 2, 2012.  Appellant did not pursue a direct appeal.

*Retired Senior Judge assigned to the Superior Court.

After numerous filings not relevant to the current issue, on March 20, 2014, while a PCRA appeal was pending, Appellant *pro se* filed a Pa.R.A.P. 1925(b) statement, wherein Appellant asserted he was not credited for time he spent in custody from January 26, 2012 to September 25, 2012. In his *pro se* brief to this Court, Appellant asks us to consider one question, namely, "Did the trial court err when it dismissed Appellant's Petition for [231] days time credit spent in custody of the county prison, dates being January 26, 2012 to September 25, 2012[?]" Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

In support of his issue, Appellant inartfully argues that the sentencing court erred by failing to give him credit for time he served in prison from January 26, 2012 to September 25, 2012. Because Appellant raised this issue for the first time in his Pa.R.A.P. 1925(b) statement, the Commonwealth contends that Appellant has waived his issue. We disagree with the Commonwealth.

"A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Such a challenge is non-waivable, even if it is raised for the first time in an appeal from an order that disposed of a PCRA petition. *See Commonwealth v. Seskey*, 86 A.3d 237,

241 (Pa. Super. 2014) ("Thus, even though [Seskey's] claims were not first presented to the PCRA court in [his] PCRA petition or in his Rule 1925(b) concise statement as challenges to the legality of the sentence, they cannot be waived.").

The PCRA court never addressed Appellant's claim that he did not receive the appropriate amount of credit for time served. Moreover, we are unable to discern from the record whether Appellant's claim has merit. Consequently, we vacate the PCRA court's order and remand the matter to that court. On remand, the PCRA court shall review Appellant's claim regarding his credit for time served and thereafter shall enter an appropriate order.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Allen joins the memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

- 3 -