J-S32034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN AVERY COY, | : | |
| | : | |
| Appellant | : | No. 1973 WDA 2014 |

Appeal from the PCRA Order entered on November 13, 2014
in the Court of Common Pleas of Clarion County,
Criminal Division, No. CP-16-CR-0000524-2006

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 03, 2015**

John Avery Coy ("Coy"), *pro se*, appeals from the Order denying his "Motion for Credit for Time Served." We affirm.

In 2007, Coy was convicted by a jury of multiple counts of child molestation, and sentenced to ten to twenty years in prison. In 2008, Coy timely filed his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"),[1] resulting in his direct appeal rights being reinstated. On May 17, 2010, this Court affirmed Coy's judgment of sentence. **See Commonwealth v. Coy**, 4 A.3d 191 (Pa. Super. 2010). In 2013, Coy filed his second PCRA Petition, which the PCRA court denied as untimely. Coy did not appeal that Order. On October 30, 2014, Coy filed the present "Motion for Credit for Time Served." The PCRA court treated the Motion as a *nunc*

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

*pro tunc* Motion for modification of sentence, and on November 13, 2014 dismissed the Motion as untimely. Coy filed a timely Notice of Appeal, and a court-ordered Statement of Errors Complained of on Appeal.

On appeal, Coy has failed to include in his appellate brief a statement of questions raised on appeal, in violation of Pa.R.A.P. 2111(a)(4) and 2116. However, our review of his appellate brief reveals the following issues presented for our review:

1. [Whether the trial c]ourt [] err[ed] by not granting [Coy] credit for time served [while he was] incarcerated[?]

2. [Whether the trial c]ourt [] err[ed] by not scheduling a hearing or appointing counsel[,] pursuant to Pa.R.Crim.P. 901 *et seq.*, to review [the] merits of [Coy's P]etition and illegal sentence computations[?]

Brief for Appellant at 7-8.

Coy's "Motion for Credit for Time Served" consitutes his third PCRA Petition. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (discussing a "motion to correct illegal sentence" and stating that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.")

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Coy's judgment of sentence became final on June 16, 2010, when the period of time to file an appeal with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Rojas**, 874 A.2d 638, 643 (Pa. Super. 2005). Coy had until June 16, 2011, to file the instant PCRA Petition, but did not do so until October 30, 2014. Thus, Coy's Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Here, Coy has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *Albrecht*, 994 A.2d at 1094.[2] Accordingly, Coy has failed to overcome the untimeliness of his Petition.

Because Coy's "Motion for Credit for Time Served" constitutes his third PCRA Petition, we affirm the PCRA court's dismissal of Coy's Motion as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

---

[2] Coy's time credit challenge implicates the legality of his sentence. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). While a legality of sentence claim cannot be waived, a PCRA court must first have jurisdiction over the claim in order to address it. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) (stating that although legality of sentence claims are subject to review by a PCRA court, such claims must still first satisfy the PCRA's time limits or one of the exceptions thereto).