J-S61016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN DELONG SCHAEFFER | |
| Appellant | No. 1789 WDA 2015 |

Appeal from the Judgment of Sentence October 27, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003390-2007

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 29, 2016**

Bryan Delong Schaeffer appeals from the judgment of sentence imposed in the Court of Common Pleas of Erie County after he was determined to be in violation of his probation.  Upon careful review, we affirm.

On April 30, 2008, Schaeffer pled guilty to access device fraud (count 1)[1] and identity theft (count 2).[2]  On June 12, 2008, the court sentenced him to 48 months of probation, to be served consecutively to his sentence at count 2 of 6 to 12 months' incarceration.  Schaeffer was given credit for 49 days served at count 2.

_____

[1] 18 Pa.C.S.A. § 4106(a)(1)(iv).

[2] 18 Pa.C.S.A. § 4120(a).

Subsequently, Schaeffer pled guilty to new charges in Allegheny County and appeared before the court for a revocation hearing. On August 4, 2011, Schaeffer was found to be in violation of his community supervision. As a result, the court resentenced him to a term of 2 to 4 years' incarceration at count 1 and 6 to 12 months' incarceration followed by 48 months of state probation at count 2. Schaeffer was given credit for time served at count 2 in the amount of 270 days.

Once again, on April 20, 2015, Schaeffer appeared before the court for a revocation hearing as a result of various violations of the terms of his probation. The court revoked his probation and resentenced him at count 2 to 3 to 23 months' incarceration, with 41 days credit for time served. Schaeffer was also stripped of his "street time."[3] He was subsequently paroled on June 11, 2015.

Finally, as a result of his failure to report, on September 24, 2015, Schaeffer was detained on a bench warrant. A third revocation hearing was held on October 27, 2015, and Schaeffer was found to be in violation of his parole. The court reimposed his sentence of 3 to 23 months' incarceration and stripped his "street time." Schaeffer was given credit for 128 days served.

---

[3] We understand "street time" to mean the time when a defendant is not imprisoned, but on probation or parole.

Schaeffer filed post-sentence motions, which were denied. This timely appeal follows, in which he raises the following issue for our consideration:

Did the [trial] court commit reversible error by imposing an illegal sentence when the court revoked [Schaeffer's] parole and stripped him of not only his street time but also the time that [Schaeffer] served on probation while he was incarcerated?

Brief of Appellant, at 2.

We begin by noting that a challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Our standard of review over such questions is *de novo* and our scope of review is plenary. *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014).

Based upon the manner in which Schaeffer presents his argument in his appellate brief, it is difficult for us to discern exactly what time Schaeffer believes he has not been credited with by the trial court. Schaeffer asserts that his

street time was served in jail; thus it was not really street time that could be taken away by the [c]ourt. The time that [Schaeffer] served on probation while he was incarcerated cannot be taken away by the court during revocation.

Brief of Appellant, at 3. Unfortunately, Schaeffer does not specify the dates he believed he was serving probation while incarcerated. As best we can determine, Schaeffer appears to believe that he was not given credit for the time he was "detained by the Board of Probation and Parole on March 11, 2015 to be transported to Erie to face the revocation proceedings that were

held on April 20, 2015," as well as the time he was detained on a warrant between September 23, 2015 and his revocation hearing on October 27, 2015. However, our own calculations indicate that those two periods of incarceration, totaling 74 days, plus the 53 days Schaeffer was incarcerated between his April 20, 2015 revocation and his June 11, 2015 parole, equal 127 days. This number is only one day shy of the 128 days for which Schaeffer was given time-served credit in the resentencing order issued on October 27, 2015. Accordingly, it appears from the face of the record that Schaeffer was, in fact, properly credited for probationary time he actually spent incarcerated pending revocation proceedings. As such, we can discern no error on the part of the trial court.

Judgment of sentence affirmed.

MUSMANNO, J., joins the memorandum.

PANELLA, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016

- 4 -