J-S69044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CRAIG YORK, | |
| Appellant | No. 618 MDA 2016 |

Appeal from the Order Entered April 4, 2016
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0002058-2008

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED OCTOBER 05, 2016**

Appellant, Craig York, appeals *pro se* from the order dismissing his motion to correct sentence.  Specifically, he claims he was denied credit for forty-eight days of time served.  He alleges, *inter alia*, an illegal sentence. The record reveals patent error in the trial court's failure to make an unequivocal, clear, and consistent award of credit for time served. Accordingly, we are constrained to remand for resentencing.

On September 15, 2009, a jury convicted Appellant of possession of child pornography.[1]  Originally sentenced to county probation, he was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d).

persistently non-compliant, resulting in three resentencings, first to probation, with warnings, and eventually to his incarceration.

Appellant later claimed credit for time served when he could not make bail. **See** 42 Pa.C.S.A. § 9760(1) (mandating credit for "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed"); **see also Commonwealth v. Johnson**, 967 A.2d 1001, 1006 (Pa. Super. 2009) (concluding trial court required to credit appellant with all time served on revocation of probation and resentencing).

In March of 2015, the trial court amended Appellant's sentencing order stating generally that he was "entitled to credit from the day of his arrest on March 8, 2013," setting minimum and maximum sentence expiration dates. (Order, 3/10/15). However, that order, explicitly prospective from March 8, 2013, does not identify or explain how much time is to be credited. Furthermore, it does not respond to Appellant's claim that he was denied credit at resentencing on July 21, 2010, for time served after arrest from November 5, 2008 to November 11, 2008. Appellant also claims he was denied credit for the same seven days at re-sentencing on June 14, 2013. The order of June 14, 2013 does not address credit for time served.[2] (**See** Order, 6/14/13). Finally, Appellant claims that at the same third re-sentencing on June 14, 2013, the trial court failed to give him credit for time

---

[2] The order does include a boilerplate catch-all that "[a]ll other terms of the original sentence shall remain in effect." (Order, 6/14/13).

served from August 3, 2012 to September 12, 2012.[3] (**See** Appellant's Brief, at 9). It is generally impossible to determine from the other sporadic and inconsistent references in the sentencing orders and the rest of the certified record whether the trial court properly granted or denied credit for time served when imposing Appellant's various sentences.

On April 4, 2016, the trial court dismissed Appellant's motion to correct sentence, citing 42 Pa.C.S.A. § 5505 (trial court generally lacks authority to correct sentence after thirty days).[4] However, our Supreme Court has held that "the limits of jurisdiction enshrined in Section 5505 do not impinge on that time-honored inherent power of courts" to correct patent errors despite the absence of traditional jurisdiction. **Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007).

A few indirect or incidental references in the record to credit owing for time served, *e.g.*, in Appellant's revocation of probation hearing, do not suffice or substitute for the trial court's duty to grant credit for time served. (**See**, **e.g.**, N.T. Hearing, 9/12/12, at 8) (testimony of probation and parole officer). The trial court's failure to identify specific credit for time served at

_____

[3] Exhibit E to Appellant's brief confirms that at sentencing on July 21, 2010, he received credit for thirty-one days of time served from June 21, 2010. (**See** Appellant's Brief, at Exhibit E).

[4] Only in its Rule 1925(a) opinion does the trial court advance the alternative rationale that Appellant's claim was in reality an untimely petition under the Post Conviction Relief Act (PCRA). (**See** Trial Court Opinion, 6/24/16, at 1-2).

sentencing, or to address Appellant's time credit claims from 2008 and 2012, constitute patent error in violation of § 9760. Accordingly, we are constrained to remand for resentencing to include explicit reference to the amount of credit granted for time served.

Order vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2016