J-S29043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOBIAS WADE ALLEN | : | |
| | : | |
| Appellant | : | No. 816 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000348-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOBIAS WADE ALLEN | : | |
| | : | |
| Appellant | : | No. 1564 WDA 2024 |

Appeal from the PCRA Order Entered June 7, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000462-2021

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: NOVEMBER 6, 2025**

Appellant, Tobias Wade Allen, appeals in two separate cases, which this Court *sua sponte* consolidated.  In case CP-16-CR-000462-2021 (hereinafter, "case 462"), Appellant appeals from the post-conviction court's June 7, 2024 order denying his petition for additional credit for time served.  In case CP-16-CR-0000348-2019 (hereinafter, "case 348"), Appellant purports to appeal *nunc pro tunc* from the judgment of sentence of 1 to 2 years' incarceration,

imposed following the revocation of his probation for pleading guilty to simple assault, 18 Pa.C.S. § 2701(a)(1). After careful review, we affirm the court's June 7, 2024 order in case 462, and quash Appellant's appeal in case 348 for lack of jurisdiction.

The facts underlying Appellant's two cases are not germane to our disposition of his appeals. The trial court summarized the pertinent procedural history of his cases, as follows:

> [In case 348, Appellant] entered a guilty plea on July 16, 2021[,] to the offense of simple assault, … and on September 22, 2021[,] he was sentenced to one (1) year [of] probation. The probation sentence was a mitigated sentence due to medical conditions [Appellant] was reportedly dealing with at the time. Less than a month after sentencing, on October 17, 2021, [Appellant] was charged with the following offenses [in case 462]: criminal attempt — criminal homicide (F1), aggravated assault — attempts to cause serious bodily injury or causes injury with extreme indifference (F1), aggravated assault — attempts to cause [bodily injury] with [a] deadly weapon (F2), possession of a firearm [by a person] prohibited (F2), terroristic threats with intent to terrorize another (M1), [and] endangering the welfare of children — parent/guardian/other commits offense.[1] [Appellant] was detained for violations of his probation. Specifically, the violation notice[,] dated October 25, 2021 and filed on October 27, 2021, alleged violations of the following rules and conditions of his sentence:
>
>> Rule # 4: You will comply with all Municipal, Federal, State and Local laws, including all provisions of the Crimes, Liquor, Vehicle and Welfare Codes. You will notify the Probation Department within 48 hours of any police questioning, investigation, or arrest, even if you are cited without being apprehended. It is also your obligation to inform the arresting officer that you are on probation/parole/IP.

---

[1] We note that the female victim in case 348 was the same victim in case 462.

Rule #7: If you have been convicted of a Felony or Misdemeanor 1, convicted of a domestic violence crime, with a grading of Misdemeanor III or above in any State or Federal Court, you may not possess, or have access to any firearm. If you have been convicted of a non-weapons misdemeanor, with the advance permission of your Probation/Parole/IP Officer, you may possess weapons to be used exclusively for hunting or other sports activities. This decision shall be solely at the discretion of your Probation Officer.

Rule #8: You will not consume, transport, or possess any controlled substance or alcoholic beverages. You will not enter any establishment or place which serves or dispenses alcoholic beverages, nor will you have any such beverages in your residence. You will not abuse any prescription or over-the-counter drugs, and you will submit to any available testing of blood, breath, or urine to determine your use of illegal drugs or alcoholic beverages. You shall not possess or consume synthetic cannabinoids (marijuana). You will pay for the cost of testing if it is positive.

Rule #9: You will refrain from behavior which threatens and presents a clear and present danger to yourself or others.

[Appellant] waived his right to a *Gagnon I*[2] hearing on October 25, 2021. While a *Gagnon II* hearing was scheduled for November 18, 2021, on that date[,] the Commonwealth and defense counsel requested a continuance of the hearing[,] and the hearing was rescheduled for December 16, 2021. On December 16, 2021, [Appellant's] attorney requested another continuance because he wanted to provide medical records for consideration by the court[,] but he had not yet obtained those records. The continuance was granted and the hearing was rescheduled for January 20, 2021. On January 20, [2021, Appellant's] attorney again requested a continuance[,] as [Appellant] was no longer willing to admit to any violations of his probation and wanted a hearing. The Commonwealth was not prepared for a hearing on that date [and], therefore, the court issued an order on January 20, 2021[,] directing that the hearing be rescheduled by Court Administration and that all parties should be prepared for the

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

hearing on the violations[,] as well as to address re-sentencing if [Appellant] was found to have violated.

[Appellant] also had requested discovery from the Commonwealth to prepare for the violation hearing. The Commonwealth was ordered to provide discovery as requested[,] and the court indicated in its order that no further continuances would be granted to conduct further discovery. The hearing was set for March 7, 2022. On March 7, [2022,] the parties appeared before the court and[,] rather than proceed with a hearing, it was ordered that the ***Gagnon II*** hearing would be delayed pending resolution of the new charges that served as the basis for the alleged violation. On June 24, 2022, the Commonwealth filed a ["]Motion to Reconsider Order of March 7, 2022[,"] and requested that a ***Gagnon II*** hearing be scheduled and held[,] even though [Appellant's] pending charges had not yet been resolved. The court granted the motion to reconsider and scheduled the ***Gagnon II*** hearing for July 11, 2022. The ***Gagnon II*** hearing was ultimately held on July 11, 2022[,] and th[e trial] court found that [Appellant] violated … the terms and conditions of his probation, in that he was in possession of a firearm and did create a condition that put himself and others in a dangerous situation. This court revoked [Appellant's] probation[,] and he was re-sentenced to serve a period of incarceration of not less than twelve (12) months, to not more than twenty-four (24) months in a State Correctional Facility. [Appellant] received credit for time served of two hundred and sixty-six (266) days.

Trial Court Opinion (TCO), 10/26/22, at 1-4 (unnumbered; unnecessary capitalization omitted).

Appellant filed a timely post-sentence motion, which was denied by the court on July 27, 2022. Appellant thereafter filed a notice of appeal on August 25, 2022, and he and the court complied with Pa.R.A.P. 1925. However, this Court ultimately found that Appellant's notice of appeal was untimely, as post-sentence motions filed after the revocation of probation and re-sentencing do not toll the 30-day appeal period, and Appellant's appeal was filed more than 30 days after his re-sentencing. ***See Commonwealth v. Allen***, No. 986 WDA

- 4 -

2022, unpublished memorandum at *3 (Pa. Super. filed July 28, 2023) (citing Pa.R.Crim.P. 708(E)); **see also** Pa.R.A.P. 903(a) (requiring that a notice of appeal be filed within 30 days after the entry of the order form which the appeal is taken). Accordingly, this Court quashed Appellant's untimely appeal.

In case 462, Appellant pled guilty on July 15, 2022, to aggravated assault and possession of a firearm by a person prohibited. On August 24, 2022, he was sentenced to an aggregate term of 93 to 186 months' incarceration, to be served concurrently with his sentence in case 348. Appellant did not file any post-sentence motions, or a direct appeal.

On October 10, 2023, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9451-9546, listing the docket numbers of both cases 462 and 348. Counsel was appointed and filed an amended petition — raising claims at both docket numbers — on January 29, 2024.[3] On June 7, 2024, the court issued an order granting in part, and

---

[3] We do not understand, or approve of, these cases being consolidated below for purposes of post-conviction proceedings. The circumstances surrounding these two cases are essentially unrelated, but for Appellant's probation in case 348 being revoked based on his conduct in case 462. Additionally, their disposition together in post-conviction proceedings is especially complicated because Appellant was seeking, and was granted, the restoration of his direct appeal rights in case 348. This Court has made clear that "[w]hen a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc,* it may address, but not 'reach' the merits of any remaining claims." **Commonwealth v. Miller**, 868 A.2d 578, 580 (Pa. Super. 2005) (citing, *inter alia*, **Commonwealth v. Hoyman**, 561 A.2d 756, 758 (Pa. Super. 1989)) (footnote omitted). Here, the court 'reached' the merits of Appellant's request for additional time-credit in case 462 by denying it, despite that it also attempted to grant his request for the reinstatement his direct appeal rights
*(Footnote Continued Next Page)*

denying in part, Appellant's PCRA petition. Specifically, the court granted Appellant's request to reinstate his direct appeal rights in case 348, but denied his request for credit for time-served in case 462. *See* Order, 6/7/24, at 1 (single page).

On July 5, 2024, Appellant filed a timely notice of appeal.[4, 5] The court and Appellant thereafter complied with Pa.R.A.P. 1925. Herein, Appellant

_____

in case 348. While typically, this would violate the rule in **Miller**, it is arguable that the court did not err by disposing of Appellant's claim in case 462, despite purporting to reinstate his direct appeal rights in case 348, because these are two distinct cases. This confusion could have been avoided, had Appellant's counsel filed (or the court directed counsel to file) separate PCRA petitions in each case. In any event, given our disposition herein, we need not determine whether **Miller** was violated by these circumstances.

[4] Appellant filed a *pro se* notice of appeal, despite that he was still represented by counsel, likely because his counsel had filed a motion to withdraw on June 11, 2024. This Court has held that a *pro se* notice of appeal shall be docketed, even where the appellant is represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Counsel's motion to withdraw was never ruled on by the trial court, and she remains counsel of record on appeal for both Appellant's cases.

[5] Appellant's *pro se* notice of appeal listed both trial court docket numbers, implicating **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket). This Court issued an order directing Appellant to file amended notices of appeal pursuant to **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (permitting appellate courts to allow for correction when a timely appeal is erroneously filed at only one docket). **See also** Pa.R.A.P. 902(b) (stating that the failure to file a notice of appeal at each trial court docket does not affect the validity of the appeal, but subjects the appeal to remand for correction). Appellant's counsel complied with our order and filed separate, amended notices of appeal containing only one docket number, which we then consolidated *sua sponte*. This Court construed Appellant's notice of appeal in case 348 as stemming from his judgment of sentence entered on July 11, 2022, and his notice of appeal in case 462 as stemming from the court's June 7, 2024 order.

- 6 -

raises three claims, all of which primarily pertain to the validity of his ***Gagnon II*** hearing in case 348. Appellant only briefly addresses the fact that he "was given credit for [zero] days' time served" in case 462, "despite having sat with unsatisfied monetary bail from October 17, 2021[,] up through his sentenc[ing] hearing on August 24, 2022." Appellant's Brief at 16.

Before we can address the merits of any of Appellant's issues, however, we must determine if the PCRA court had jurisdiction to restore his right to a direct appeal in case 348, or to consider his time-credit issue in case 462.

> The timeliness of a PCRA petition is a jurisdictional requisite. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear [that] no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.[] § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.[] § 9545(b)(3).
>
> Further:
>
>> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.
>
> In circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-

- 7 -

conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA. The initial untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final.

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the petitioner must allege and prove at least one of the three timeliness exceptions. **See** 42 Pa.C.S.[] § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.[] § 9545(b)(1)(i)-(iii). When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within [one-year[6]] of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims. We can raise *sua sponte* the timeliness of a PCRA petition because it is an issue of the court's jurisdiction.

---

[6] **Ballance** referred to the prior, sixty-day requirement of 42 Pa.C.S. § 9545(b)(2), which has been amended to state that, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Ballance*, 203 A.3d 1027, 1030-32 (Pa. Super. 2019) (cleaned up; emphasis omitted).

Here, in case 462, Appellant pled guilty on July 15, 2022, and was sentenced on August 24, 2022. He did not file a direct appeal and, therefore, his judgment of sentence became final on September 23, 2022. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Thus, Appellant had until September 23, 2023, to file a timely PCRA petition. He did not file his *pro se* petition until October 2, 2023. Accordingly, it was untimely. Appellant did not plead any timeliness exception in his *pro se* petition, and his counsel made no attempt to plead or prove any timeliness exception in the amended petition she filed on Appellant's behalf on January 29, 2024.[7] Consequently, the PCRA court lacked jurisdiction to rule on the time-credit issue raised in Appellant's petition, even though it implicated the legality of his sentence. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009) ("A challenge to the trial court's failure to award credit

_____

[7] Moreover, even if Appellant had asserted a timeliness exception, we fail to see how he could have satisfied the one-year requirement of section 9545(b)(2), as he knew about his time-credit claim from the date of his sentencing on August 24, 2022. His failure to raise his time-credit issue on or before August 24, 2023, would make it impossible for him to meet the mandate of section 9545(b)(2) that his petition be filed within one year of when the claim could have first been presented.

for time served prior to sentencing involves the legality of a sentence."); **Ballance**, 203 A.3d at 1031 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Thus, we affirm the court's order denying Appellant relief in case 462.

In case 348, Appellant's **Gagnon II** hearing was conducted on July 11, 2022, and he was sentenced that same day. Appellant had 30 days from his re-sentencing to file a timely appeal, which he failed to do. Thus, his judgment of sentence became final on August 10, 2022.[8] Appellant had until August 10, 2023, to file a timely PCRA petition, making his *pro se* petition filed on October 2, 2023, patently untimely. Again, neither Appellant in his *pro se* petition, nor his counsel in her amended petition, pled any timeliness exception.[9] Accordingly, the court lacked jurisdiction to reinstate Appellant's right to file an appeal from his judgment of sentence in case 348. **See Ballance**, 203 A.3d at 1032-33 (concluding that the PCRA court lacked jurisdiction to reinstate Ballance's right to file a direct appeal *nunc pro tunc* where his PCRA

_____

[8] Because Appellant did not file a timely direct appeal, to determine the date on which his judgment of sentence became final, we use the actual expiration of the time-period for seeking direct review, not the date on which this Court quashed his untimely appeal. **See Ballance**, 203 A.3d at 1031; *id.* at 1033 (noting that Ballance had filed an untimely direct appeal, and then incorrectly presumed his subsequent PCRA petition was timely by erroneously "using the date this Court quashed [his] direct appeal … to calculate the timeliness of the PCRA petition").

[9] Indeed, in Appellant's *pro se* petition, he did not even mention any claims pertaining to case 348, instead arguing only his time-credit claim, and other challenges to the voluntariness of his plea, in case 462.

petition seeking reinstatement of his appeal rights was untimely and he did not plead and prove any timeliness exception); *see also Commonwealth v. Saunders*, No. 28 EDA 2019, unpublished memorandum at *4 (Pa. Super. filed Oct. 21, 2019) (relying on **Ballance** to conclude that the PCRA court lacked jurisdiction to restore Saunders' right to file an appeal from the order dismissing his first, timely PCRA petition, where his petition seeking the restoration of his appeal rights was untimely filed).[10]   Therefore, we are without jurisdiction to consider Appellant's untimely appeal from his judgment of sentence imposed on July 11, 2022, and we quash his appeal in case 348.[11]

_____

[10] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value.

[11] In any event, even if we had jurisdiction to review Appellant's appeal, we would not discern any merit to his issues in case 348.  First, Appellant argues that he should have been permitted to defer his **Gagnon II** hearing until after the disposition of his charges in case 462 because he "lost all entitlement to credit for time served on the significantly more serious pending charges at case 462 when he was found in violation."  Appellant's Brief at 15.  This claim implicates the sentence imposed in case 462, which we are without jurisdiction to consider, for the reasons stated *supra*.

Second, Appellant claims he should have been permitted to defer his **Gagnon II** hearing because he did not have sufficient time to prepare his defense, he had only recently received certain discovery, and he had not yet obtained a copy of a transcript of a prior hearing that the Commonwealth intended to introduce at the **Gagnon II** hearing.  **See id.** at 17.  However, Appellant disregards that his **Gagnon II** hearing was originally scheduled for November 18, 2021, and was rescheduled three times before it was held on July 11, 2022.  This indicates that the defense had sufficient time to prepare.  Notably, Appellant fails to specify what more he could have, or would have, done had the **Gagnon II** hearing been delayed until after disposition of case 462.  Moreover, he does not identify what discovery he received just prior to
*(Footnote Continued Next Page)*

Appeal quashed in case 816 WDA 2024.  June 7, 2024 order affirmed in case 1564 WDA 2024.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/6/2025

---

the hearing, or what transcript he did not have, and explain how those issues impacted his defense at the **Gagnon II** hearing or caused him prejudice. Thus, we would conclude that no relief is due on this claim.

Third, we would be unconvinced by Appellant's contention that his due process rights were violated by the introduction of transcripts of the victim's testimony from prior hearings, rather than her in-person testimony at the **Gagnon II** hearing, to establish that he violated his probation.  Appellant insists that "there was a compelling legal interest in having [the victim] present to testify in person" because her "credibility was the primary factor in determining whether or not [Appellant] would be found in violation of his probation." **Id.** at 21.  However, he does not offer any elaboration on how he would have attacked the victim's credibility, had she been present in court. As the trial court stressed, the victim

> did testify and was subject to cross examination at two other proceedings in connection with the incident that led to the alleged violations and the pending criminal charges.  Further, Trooper Katie Berggren, the arresting officer[,] also testified and offered 'some intrinsic indicia of reliability and corroboration.'  Trooper Berggren's testimony is a sufficient indicia of reliability[,] as [the t]rooper responded to the scene previously testified to by [the victim] and offered some corroborating testimony to that presented by [the victim] as contained in the transcript admitted into evidence.

TCO at 7 (unnumbered).  Given this record, we would determine that no relief is due on Appellant's claims, even if we had jurisdiction to review his issues in case 348.

- 12 -