J-S36026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH LEE RICHIE | |
| Appellant | No. 1785 WDA 2014 |

Appeal from the Judgment of Sentence March 13, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002114-2011

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 10, 2015**

Appellant Kenneth Lee Richie appeals from the judgment of sentence[1] entered in the Westmoreland County Court of Common Pleas following his guilty plea to numerous sexual offenses against a child.  We affirm.

The relevant facts and procedural history of this appeal as follows.  On April 3, 2011, Appellant picked up a fifteen-year-old boy ("Victim") and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his brief, Appellant claims to appeal from the September 26, 2014 order denying his post-sentence motions, however, he is actually appealing his judgment of sentence.  **See Commonwealth v. Chamberlain**, 658 A.2d 395, 397 (Pa.Super.1995) ("the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions").

brought him to Appellant's home, supposedly so that Victim could help Appellant clean his basement. Appellant attacked Victim, performed anal sex on Victim and forced Victim to perform oral sex on Appellant. Appellant then returned Victim to his home and threatened him that if he told anyone what happened, he would get his army buddies to kill Victim's family. Victim went to the emergency room to be treated for sexual assault and reported what had happened to detectives.

The district attorney charged Appellant with twenty-one violations of the Pennsylvania Crimes Code. On September 16, 2011, the Commonwealth filed written notice of its intent to seek the applicable mandatory sentence against Appellant. On May 14, 2013, Appellant pled guilty to rape, two counts of involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent assault, unlawful contact with a minor, corruption of minors, and terroristic threats. [2] The Commonwealth dismissed the remaining counts in exchange for Appellant's plea.

On December 19, 2013, after a sexually violent predator ("SVP") hearing, the court determined Appellant was a Tier III SVP. On March 13,

_____

[2] 18 Pa.C.S. §§ 3121(a)(1), 3123 (a)(1), § 3124.1, § 3126(a)(2), 6318(a)(1), 6301(a)(1), and 2706(a)(1), respectively.

2014, the court sentenced Appellant to an aggregate sentence of 50-100 years' incarceration.[3]

On March 24, 2014, Appellant timely filed a post-sentence motion for modification of sentence. The court conducted a hearing on July 17, 2014, and denied Appellant's motion on September 26, 2014. On October 27, 2014, Appellant timely filed a notice of appeal.[4] On November 11, 2014, pursuant to the court's order, Appellant filed a Pa.R.A.P. 1925(b) statement.[5]

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED BY DENYING [APPELLANT'S] POST-SENTENCE MOTION FOR MODIFICATION OF SENTENCE FOR THE REASONS THAT THE AGGREGATE SENTENCE OF FIFTY (50) TO ONE

_____

[3] Specifically, the court imposed consecutive sentences, pursuant to the mandatory sentencing provisions of 42 Pa.C.S. § 9718.2 of 25-50 years' incarceration for rape and 25-50 years' incarceration for IDSI. We note that the mandatory sentencing provision applied to individuals with prior convictions as set forth in 42 Pa.C.S. § 9799.14 is not unconstitutional under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct 2151, 186 L.Ed 2d 341 (2013). The court also imposed incarceration sentences of 25-50 years for IDSI, 25-50 years for sexual assault, 25-50 years for aggravated indecent assault, 25-50 years for indecent assault, 25-50 years for unlawful contact with minor, 3-7 years for corruption of minors, and 1½-5 years for terroristic threats, to be served concurrently with his first IDSI sentence.

[4] We note that October 26, 2014 fell on a Sunday.

[5] The trial court adopted its September 26, 2014 order and opinion for the denial of Appellant's motion for modification of sentence and attached it to its Pa.R.A.P. 1925 statement, filed November 25, 2014.

HUNDRED (100) YEARS OF INCARCERATION AT THE DEPARTMENT OF CORRECTIONS, WHICH THE TRIAL COURT IMPOSED UPON THE APPELLANT WAS MANIFESTLY EXCESSIVE AND CONSTITUTED TOO SEVERE OF A PUNISHMENT?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. He argues that his aggregate sentence of 50-100 years' incarceration is manifestly excessive for a single crime considering Appellant's age, his low intelligence level, his unfortunate childhood, and the fact that he has not been convicted of raping other children for more than twenty years. We disagree.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**

Presently, Appellant filed a timely post-sentence motion and notice of appeal. Further, Appellant's brief includes a concise statement of reasons

- 4 -

relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 12. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted).

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013) (internal citation omitted). Further, a court's exercise of

discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013). This Court has held that:

> a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (emphasis in original). This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (quoting *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super.2005)). Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the

sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

**Dodge, supra** at 1270 (internal citations omitted).

Based on our review of the foregoing precedents, we conclude that Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider mitigating factors, presents a substantial question. Thus, we grant his petition for allowance of appeal and address the merits of his claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing **Commonwealth v. Johnson**, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.** (citing **Commonwealth v. Walls**, 926 A.2d 957 (Pa.2007)).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Crump**, 995 A.2d at 1283 (citing **Commonwealth v. Malovich**, 903 A.2d

1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." **Commonwealth v. Ventura**, 975 A.2d 1128, 1134 (Pa.Super.2009) (citing **Commonwealth v. Devers**, 519 Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

Here, the sentencing court had the benefit of a presentence report, and Appellant exercised his right to allocution at his sentencing hearing. At sentencing, the court stated:

> I have reviewed everything thoroughly. I have reviewed the presentence report that Mrs. DeFloria did such an excellent job preparing. In that presentence report is contained the evaluation from Mayview State Hospital after the first conviction, and then there is another evaluation by Torrance State Hospital in August of 2012.
>
> [Defense counsel], you just brought up the fact asking me to show some sort of understanding or compassion because your client was molested as a child by his brother allegedly. The first time that ever appears is with Mrs. Defloria's interview he tells her that. When he was evaluated by Mayview State Hospital in 1983 he makes no mention of ever being molested. He gives the reason for raping that 11 year old child as being alcohol, having drinking too much alcohol and doing that, then he gives the same reason when after he got out of prison for raping a 10 year old girl. These were children of a friend of his. That he raped these children and he gave the reason again as being alcohol abuse… and even if he had been [abused], that doesn't excuse what happened here, what he did to these three victims…

N.T., 3/13/14, at 16-19.

The court considered mitigating factors before imposing Appellant's sentences consecutively. We see no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2015