J-S49010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH WAYNE MYERS, | |
| Appellant | No. 45 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 11, 2012
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002750-2009

BEFORE:  BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 21, 2015**

Appellant, Joseph Wayne Myers, appeals *nunc pro tunc* from the September 11, 2012 judgment of sentence of 18 to 36 months' incarceration, followed by two years' probation, imposed after the court revoked his term of probation based on a single technical violation. Appellant contends that the court abused its discretion in fashioning his sentence of total confinement.  After careful review, we are compelled to agree.  Therefore, we vacate Appellant's sentence and remand for resentencing.

On December 4, 2009, Appellant pled guilty to one count of possession with intent to deliver (PWID), and one count of resisting arrest.  Appellant was initially sentenced on March 16, 2010, to a term of 16 to 32 months' incarceration, followed by two years' probation, for the PWID conviction.  He also received a consecutive term of two years' probation for the resisting

arrest offense. Thus, his aggregate sentence was 16 to 32 months' incarceration, followed by four years' probation.

Appellant served the maximum term of incarceration and was released in June of 2012. He then began serving his term of probation under the supervision of the Office of Adult Probation. On August 7, 2012, that office "sought to revoke [Appellant's] … probation based upon a technical violation alleged to involve being in an establishment that served alcohol." Appellant's Brief at 5. On September 11, 2012, the court held a hearing on the probation revocation request. During that proceeding, Appellant stipulated that he violated a condition of his probation. Based on that single violation, the court revoked Appellant's probation and imposed a new sentence of 18 to 36 months' incarceration, followed by two years' probation.

Appellant did not file a post-sentence motion or direct appeal from this new imposition of sentence. However, on February 26, 2013, he filed a petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking reinstatement of his right to file a post-sentence motion and/or direct appeal from the September 11, 2012 revocation/resentencing. On June 17, 2014, the court granted Appellant's petition. Appellant filed a timely post-sentence motion on June 25, 2014.[1] On December 8, 2014,

---

[1] We note that Appellant's post-sentence motion is not contained in the certified record.

Appellant's post-sentence motion was denied by operation of law.[2]  Appellant filed a timely notice of appeal, after which the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. While Appellant timely complied with that order, the revocation court has not issued a Rule 1925(a) opinion.

On appeal, Appellant presents one issue for our review: "Did the [revocation] court abuse its discretion by imposing a manifestly excessive sentence of total confinement, after revocation of special probation, without considering all relevant factors of the Sentencing Code and failing to state its reasons on the record for a sentence of total confinement?"  Appellant's Brief at 4.  Initially, we note our standard of reviewing Appellant's discretionary aspects of sentencing challenge:

> Our standard of review is well settled. Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa. Super. 2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. ***Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957 (2007). It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to

---

[2] The Clerk of Judicial Records of Lackawanna County issued the order stating that Appellant's post-sentence motion was denied by operation of law "pursuant to Pa.R.Crim.P. 720(B)(2)…."  However, the appropriate subsection of Rule 720 is (B)(3)(a), which states, in pertinent part, "[i]f the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law."  Pa.R.Crim.P. 720(B)(3)(a).

consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence. ***Commonwealth v. Ferguson,*** 893 A.2d 735, 737 (Pa. Super. 2006).

…

We note that there is no absolute right to appeal when challenging the discretionary aspect of a sentence. ***Commonwealth v. Ahmad****,* 961 A.2d 884, 886 (Pa. Super. 2008). Appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. ***Id.*** at 886. A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. ***Id.***

When a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f).

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Here, Appellant has included a Rule 2119(f) statement in his brief, asserting that the revocation court erred by imposing "a sentence of total confinement without considering the factors set out in the Sentencing Code[,]" without "being fully informed of [Appellant's] background through a PSI or engag[ing] [Appellant] in a colloquy as to his background[,]" and without "placing a statement on the record explaining the basis of total confinement…." Appellant's Brief at 8. Appellant also maintains that the revocation court "abused its discretion by imposing a manifestly excessive sentence which constitutes too severe a punishment without considering all relevant factors pursuant to the Sentencing Code[,] such as … the entire

- 4 -

background of [Appellant]….” **Id.** We consider Appellant's assertions as presenting substantial questions for our review. **See Crump**, 995 A.2d at 1282 (considering as a substantial question the appellant's claim that the court abused its discretion by imposing a sentence of total confinement for technical violations of probation); **Commonwealth v. Flowers**, 950 A.2d 330, 331 (Pa. Super. 2008) (considering as a substantial question the appellant's claim that the trial court failed to order a PSI or conduct an appropriate colloquy at the sentencing hearing); **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006) (considering as a substantial question the appellant's claim that the court did not state sufficient reasons on the record for the sentence imposed, and imposed a sentence that was excessive and disproportionate to the underlying technical violations).

Appellant first avers that the court erred by imposing a term of incarceration for a single, technical probation violation, and without considering the factors set forth in 42 Pa.C.S. § 9771. That statute states, in pertinent part:

> **(c) Limitation on sentence of total confinement.--**The court *shall not* impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c) (emphasis added).

Here, Appellant committed only a single, technical violation of his probation. He was not convicted of a crime, so the court could not have premised his sentence of total confinement on section 9771(c)(1). Moreover, nothing in the record of the revocation/resentencing hearing explicitly indicates whether the court determined a sentence of total confinement was warranted based on subpart (c)(2) or (c)(3). That proceeding, *in its entirety*, included the following:

> [The Commonwealth]: Commonwealth vs. Joseph Myers docketed at 09 CR 2750.
>
> [Defense Counsel]: [Appellant] admits to the violation.
>
> THE COURT: [Appellant], you understand you have a right to a hearing on this and by stipulating you're waiving that right to have a hearing.
>
> [Appellant]: Yes, sir.
>
> THE COURT: As such I find that you are in violation.
>
> [Defense Counsel]: Your Honor, Mr. Myers stands before you today on his very first violation. He admits going to the bar that night and grabbing food and watching a game was a big mistake. He was unaware of his conditions [of probation] at the moment.
>
> THE COURT: He was unaware of his conditions?
>
> [Appellant]: Like I don't understand how I would be [] resentence[d]. The only thing I was told was that I was on county probation supervised by the State. There [were] no other conditions and my [probation officer], he didn't have no conditions.

- 6 -

[Probation Officer]: Well, we supervised him on state parole. He violated by absconding. He maxed out and shortly after maxing out on the parole sentence and the consecutive probation he had new violations. On [July 5, 2012,] I gave him written instructions not to consume alcohol, not to enter bars, not to operate a motor vehicle in addition to his standard general conditions one through seven, which he had signed [] when he was originally sentenced. And, again, that was [July 5, 2012]. He violated on [July 27, 2012,] and this was after he just got out of state prison.

[Appellant]: I was in transfer of trying to move to Maryland so I could better my life.

THE COURT: Wait wait wait. What does that have to do with the violation?

[Appellant]: Your Honor, I take full responsibility for that.

THE COURT: That's a little better. At this time we're going to revoke the two year special probation, both of them, and the first one we'll be sentencing you to state [incarceration] for one and a half to three years, and the second, [to] two years' probation. No drugs or alcohol and follow all of the other conditions of probation. Good luck, sir.

[Appellant]: Thank you.

N.T., 9/11/12, at 2-4.

Even assuming from this scant record that the court determined a sentence of total confinement was "essential to vindicate the authority of the court[,]" 42 Pa.C.S. § 9771(c)(3), the court's failure to provide any discussion in this regard is improper. Our Supreme Court recently stated, "42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, 'the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.'" ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa.

2014) (quoting Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.")). It is true that after revoking a term of parole/probation, "a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Id.* at 28. However, in this case the court imposed Appellant's sentence with absolutely *no explanation* of why a term of total confinement was necessary based on Appellant's single, technical violation of his probation.[3] Thus, we are constrained to conclude that the court erred.

Additionally, the court offered no reason(s) for why it fashioned a *lengthier* term of imprisonment than that which was originally imposed. We acknowledge our Supreme Court's directive that "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." *Pasture*, 107 A.3d at 28 (citation omitted). However, such a sentence must be "adequately considered and sufficiently explained on the record by the revocation judge…." *Id.* at 29. Again, the court did not provide *any* discussion for the sentence it imposed; therefore, we cannot conclude that the court

---

[3] We also reiterate that the court did not submit a Rule 1925(a) opinion to aid this Court in understanding the basis for Appellant's sentence.

adequately considered the basis for imposing Appellant's harsher term of incarceration.

Finally, we agree with Appellant that the court erred by failing to order a PSI or state why it dispensed with doing so.  ***See*** Pa.R.Crim.P. 702(A)(2) (directing that "[t]he sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report … [] when incarceration for one year or more is a possible disposition under the applicable sentencing statutes").  We concede that "technical noncompliance with the requirements of Rule 702(A)(2) might have been rendered harmless [if] the court elicit[s] sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]" ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 726-727 (Pa. Super. 2013) (quoting ***Commonwealth v. Flowers***, 950 A.2d 330, 333 (Pa. Super. 2008)).  Here, however, the scant record of the revocation/resentencing hearing does not demonstrate that the court applied "a level of thoroughness afforded by a properly crafted PSI report," and that the court considered "factors germane to either [Appellant's] original offense or his current violation of probation." ***Flowers***, 950 A.2d at 333.[4]

_____

[4] A properly crafted PSI report must at least address the following factors:

*(Footnote Continued Next Page)*

We note, as the Commonwealth points out, that the same judge presided over Appellant's guilty plea hearing, initial sentencing proceeding,

*(Footnote Continued)* _____

> (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;
>
> (B) a full description of any prior criminal record of the offender;
>
> (C) a description of the educational background of the offender;
>
> (D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;
>
> (E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;
>
> (F) the offender's medical history and, if desirable, a psychological or psychiatric report;
>
> (G) information about environments to which the offender might return or to which he could be sent should probation be granted;
>
> (H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;
>
> (I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;
>
> (J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Flowers*, 950 A.2d at 333 n.2 (citations omitted).

and revocation/resentencing hearing. At the time of the initial sentencing, the court had the benefit of a PSI, and was also orally informed at the hearing of Appellant's age, personal and familial history, and Appellant's drug addiction issues. N.T. Sentencing, 3/16/10, at 2. The court was also told that while incarcerated prior to sentencing, Appellant had attended drug and alcohol treatment, and had also participated in anger management programs. *Id.* at 3. However, the court noted that Appellant also had disciplinary issues while in prison, and had a lengthy criminal history in Lackawanna County, as well as other surrounding counties. *Id.* at 4. After reviewing Appellant's criminal history, the court provided the following rationale for imposing Appellant's sentence:

> THE COURT: I am going to make you RRRI[5] eligible so that you can receive programming, and I hope that you're going to utilize it so that when you get back out, you can start doing the things you're supposed to do.

*Id.* at 4-5.

From this record, it is apparent that at the time of Appellant's initial guilty plea and sentencing hearings, the court was aware of Appellant's personal characteristics, history, and the facts of the offenses to which he pled guilty. This record also indicates that the court imposed a term of

---

[5] Recidivism Risk Reduction Incentive Act (RRRI Act), 61 Pa.C.S. §§ 4501-4512.

incarceration mainly to aid Appellant in rehabilitating himself from his drug addiction.

However, at Appellant's revocation/resentencing proceeding, the court did not obtain any information regarding Appellant's current situation or individual needs, or the status of his recovery from his drug addiction. **See Flowers**, 950 A.2d at 334 ("[E]ach person sentenced must receive a sentence fashioned to his or her individual needs. To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs.") (citations omitted). The court also made no mention of having reviewed Appellant's original PSI before imposing his new sentence. Therefore, although the court had previous contact with Appellant at his plea and original sentencing proceedings, the record of the revocation/resentencing hearing does not convince us that the court properly considered Appellant's current situation and crafted a post-revocation sentence that suits his individual needs. "In the absence of such consideration, documented of record, the goals of individualized sentencing are defeated and the trial judge's exercise of discretion cannot be sustained." **Id.** (citation omitted).

For all of the foregoing reasons, we are compelled to conclude that the court abused its discretion in imposing Appellant's post-revocation sentence. Therefore, we vacate Appellant's sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2015