J-S50033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL RUTH | |
| Appellant | No. 2627 EDA 2014 |

Appeal from the Judgment of Sentence June 5, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008965-2011

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 23, 2015**

Appellant Michael Ruth appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on June 5, 2014 following his jury trial convictions for corrupt organizations, dealing in unlawful proceeds, insurance fraud, identity theft, and conspiracy to commit insurance fraud and identity theft.[1]  We affirm.

The trial court set forth the relevant facts as follows:

> Over a nearly two-year period beginning in early 2010, [Appellant's] father, Richard Ruth [("co-defendant")], a then-practicing physician, unlawfully prescribed tens of thousands of pills from his office in Souderton, Montgomery County, acting as a source of Oxycodone and Adderall for drug-addicted patients.  [Appellant] served as his father's office manager during this period.

---

[1] 18 Pa.C.S. §§ 911(b)(2), 5111(a)(1), 4117(a)(2), 4120(a), and 903(c), respectively.

Appellant and his father were co-defendants at a joint trial. A jury found [Appellant] guilty on November 22, 2013, of corrupt organizations, dealing in unlawful proceeds, insurance fraud, identity theft[,] and conspiracy to commit insurance fraud and identity theft.

Prior to sentencing, one of [co-defendant's] two attorneys, Gregory Noonan, was charged in Montgomery County with possession of a controlled substance with intent to deliver and related offenses. [Appellant] was represented at trial by Vincent Cirillo, Esquire.

[On June 5, 2014, Appellant] appeared at sentencing with new counsel.[2] [The trial] court sentenced [Appellant] to two to five years in prison on the corrupt organizations offense, two to five years in prison for dealing in unlawful proceeds, six to 12 months in prison for conspiracy to commit insurance fraud, one to five years in prison for conspiracy to commit identity theft, one to five years in prison for identity theft and six to 12 months in prison for insurance fraud. The sentences, which were set to run consecutively, were set in the aggravated range and aggregated to seven to 22 years in prison.

[Appellant] filed a post-sentence motion. He asserted his sentence was excessive under the circumstances, the prosecutor violated a duty to disclose that Noonan had been under investigation at or around the time of trial and he was denied the effective assistance of counsel because Noonan had an alleged conflict of interest. [The trial] court denied the motion without a hearing.

_____

[2] On June 5, 2014, the day of sentencing, new counsel filed a motion for extraordinary relief, seeking a new trial because Noonan was being investigated for drug-related offenses at the time of Appellant's trial. Defendant's Motion for Extraordinary Relief, filed June 5, 2014. On June 6, 2014, the trial court denied this motion. Order, 6/6/2014.

At sentencing and on appeal, Appellant and his father are both represented by Francis J. Genovese, Esq. of Mullaney & Mullaney.

Pa.R.A.P. 1925(a) Opinion, 11/12/2014 ("Opinion"), at 1-3. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> Did the [t]rial [c]ourt err in denying [Appellant's] [p]ost[-s]entence [m]otion for an [e]videntiary [h]earing (in support of the [p]ost[-s]entence [m]otion for a [n]ew [t]rial), where his request for [p]ost-s]entence [r]elief had at least arguable merit, on its face, thus necessitating that a hearing be held to more fully develop the record with respect to the violation of [Appellant's] Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution?
>
> Did the [t]rial [c]ourt err in denying [Appellant's] [p]ost[-s]entence [m]otion for a [n]ew [t]rial, where the Commonwealth violated [Appellant's] Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, when it failed to disclose to the Court that the District Attorney's Office was actively investigating [l]ead [t]rial [c]ounsel for his involvement in the illegal distribution of narcotics while he was representing the [co-defendant] at the trial in the above-captioned matter?
>
> Did the [t]rial [c]ourt abuse its discretion in sentencing [Appellant] to two (2) consecutive terms of two (2) to five (5) years of incarceration; followed by two (2) consecutive terms of one (1) to five (5) years of incarceration; followed by two (2) consecutive terms of six (6) to twelve (12) months of incarceration in a State Correctional Institution, each of which constituted a sentence in the aggravated range of the Sentencing Guidelines, where the charges to which he was found guilty were not separate and distinct incidents of criminality, but rather one episodic and continuing course of criminal conduct?

Appellant's Brief at 5-6.

Appellant's first two issues are based on the same underlying claim, that the Commonwealth violated Appellant's due process rights under the Fourteenth Amendment to the United States Constitution when it failed to inform the trial court and Appellant that the District Attorney's Office was investigating Noonan, his father's attorney, for distribution of narcotics. Appellant's Brief at 21-22, 32-34, 37-39. Appellant claims the trial court erred when it denied his post-sentence motion raising the due process claim and erred in failing to hold an evidentiary hearing on the claim. *Id.* at 33, 39.

We review a trial court's denial of a post-sentence motion requesting a new trial for abuse of discretion. *Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa.Super.2014). The trial court has discretion as to whether to conduct a hearing on a post-sentence motion. *See* Pa.R.Cr.P. 720(b)(2)(B) ("The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both."). An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Brooker*, 103 A.3d at 332 (quoting *Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa.2013)).

Appellant claims the Commonwealth had a duty to disclose to the trial court and/or Appellant that Noonan, his co-defendant's counsel, was under

investigation for involvement in illegal drug trafficking. Appellant's Brief at 33. He notes that the crimes for which Noonan was charged occurred on November 23, 2013, the day after a jury convicted Appellant of the afore-mentioned charges, and on December 20, 2013, and claims the investigation began before or during Appellant's trial. *Id.* at 9-10. He maintains that, because Noonan was under investigation for illegal activities similar to the crimes for which Appellant's co-defendant was charge, Noonan had a conflict of interest, which prevented Appellant from receiving a fair trial. *Id.* at 21-22, 29, 33.

This claim is meritless. Noonan was counsel for Appellant's co-defendant and owed no duty to Appellant, and no conflict of interest between Appellant and co-defendant's counsel existed. Appellant's claim the Commonwealth had a duty to inform the court and/or Appellant because Noonan was "lead counsel" is meritless and, as the trial court found, the record belies this claim.

The trial court found:

> [Appellant] had his own counsel throughout the pre-trial and trial stages of this case, and the record is replete with references by defense counsel to which defendant they represented. ***See, e.g.,*** N.T. 11/19/13, p. 38 ("Good morning, ladies and gentlemen. My name is Vincent Cirillo, and I represent [Appellant], [co-defendant's] son."); ***Id.*** at 84 ("My name is Gregory Noonan, and I represent [co-defendant]."); N.T. 11/21/13, p. 45 ("My name is Gregory Noonan. I, along with John Walfish, represent [co-defendant]."); ***Id.*** at 57 ("Lieutenant, my name is Vince Cirillo, and I represent [Appellant]."); N.T. 11/22/ 13, p. 154 ("Ladies and Gentlemen of the Jury, as you know, I

along with my partner John Walfish, we represent [co-defendant].").

Noonan never entered his appearance on behalf of [Appellant]. Attorney Cirillo made an opening statement on behalf of [Appellant], examined witnesses independently of counsel for [co-defendant] and gave a closing argument on behalf of his client. As such, [Appellant] does not have standing to raise a claim related to his co-defendant's attorney.[9]

> [9] Defendant cites **Hoffman v. Leeke**, 903 F.2d 280 (4th Cir.1990), for the proposition that the ineffective assistance of lead counsel is not cured by the presence of co-counsel. His reliance on this case is misplaced. The record here does not support the proposition that Noonan was lead counsel for both defendants. Moreover, in **Hoffman**, the attorney represented two defendants in a joint murder trial and used co-counsel to assist him with examining certain witnesses. That is not the case here.

Opinion, at 5-6. The trial court acted within its discretion in denying Appellant's motion for a new trial.[3]

_____

[3] Further, the trial court did not err when it found, even if Noonan owed a duty to Appellant, the claim is meritless. Even if we assume a conflict of interested existed, the prosecutor did not violate Appellant's Fourteenth Amendment due process right to a fair trial when it failed to disclose to the trial court or Appellant that Appellant's co-defendant's attorney was under criminal investigation, particularly because no trial witness possessed information relevant to the investigation of Appellant's attorney, the investigation did not implicate Appellant, and the Commonwealth had not yet established whether Appellant's co-defendant's counsel had engaged in any illegal activity. **See, e.g., United States v. Morelli**, 169 F.3d 798, 812 (3d Cir.1999)(prosecutor's failure to inform court of conflict does not require reversal); **United States v. Cerro**, 872 F.2d 780, 787 (7th Cir.1989) (prosecutor not constitutionally required to advise court of potential conflict of interest).

Further, the trial court acted within its discretion in denying Appellant's request for an evidentiary hearing. The trial court concluded:

> Here, disposition of the post-sentence motion did not necessitate a hearing. As discussed more fully below, [Appellant], who was represented by his own counsel, lacks standing to assert a claim that the prosecution owed a duty to disclose an investigation into Noonan; even if he had standing, he presented no controlling authority for the existence of such a duty. Similarly, his motion did not present a meritorious basis for [the trial] court to upset the sentence imposed. [The trial] court, therefore, did not abuse its discretion in disposing of the post-sentence motion without a hearing.

Opinion, 11/12/2015, at 4 (internal footnotes omitted). We find no abuse of discretion in the trial court's determination.

Appellant's third claim challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant timely filed his notice of appeal and included a concise statement of reasons in his appellate brief. Further, he raised an excessiveness claim in his post-sentence motion. His post-sentence motion, however, did not raise a claim that the trial court failed to consider mitigating factors or Appellant's rehabilitative needs.

Appellant's brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Appellant's Brief at 16-20. Appellant maintains the trial court failed to properly consider the information contained in the pre-sentence investigation report, including Appellant's history and characteristics and his rehabilitative needs. *Id.* at 18. He argues the trial court "focused solely on the serious nature of the offense(s) and the suffering inflicted upon the victim(s) as justification for imposing six consecutive, aggravated range sentences upon Appellant." *Id.* at 19. He notes the trial court sentenced Appellant to six consecutive, aggravated range sentences, for a total aggregate sentence of not less than seven nor more than twenty-two years of imprisonment. *Id.* He argues the sentence was "manifestly unreasonable, unduly excessive and extremely vindictive; considering that the charges to which he was found guilty were not separate and distinct

incidents of criminality, but rather one episodic and continuing course of criminal conduct." *Id.* at 20.

Although Appellant's post-sentence motion and Rule 1925(b) statement challenge the sentence as excessive, they do not challenge the failure to consider mitigating circumstances. *See* 1925(b) Statement ("Did the Trial Court abuse its discretion in sentencing Defendant to two (2) consecutive terms of two (2) to five (5) years of incarceration; followed by two (2) consecutive terms of one (1) to five (5) years of incarceration; followed by two (2) consecutive terms of six (6) to twelve (12) months of incarceration in a State Correctional Institution, each of which constituted a sentence in the aggravated range of the Sentencing Guidelines, where the charges to which he was found guilty were not separate and distinct incidents of criminality, but rather one episodic and continuing course of criminal conduct?"); Defendant's Post-Sentence Motion for Relief (arguing: imposition of consecutive sentences in aggravated range was excessive and unreasonable; sentence cruel and unusual due to age, lack of prior history and conviction for non-violent offense; and weighing of factors favors a lesser sentence). Appellant, therefore, waived his argument that the trial court failed to consider mitigating factors or his rehabilitative needs.

We next must address whether his claim that the trial court abused its discretion when it imposed consecutive, aggravated range sentences raises a substantial question. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis."

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012) (quoting *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010)).

A claim of excessiveness based on the imposition of consecutive sentences does not raise a substantial question, unless the imposition of consecutive sentences raises the "aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super.2010).[4] Because the aggregate sentence imposed, 7 to 22 years' imprisonment does not facially appear excessive in light of the criminal conduct for which Appellant was convicted, Appellant's claim that the trial court abused its discretion by imposing consecutive sentences in the

---

[4] An excessiveness claim or challenge to consecutive sentences may raise a substantial question when raised in conjunction with a claim that the court failed to consider mitigating factors or rehabilitative needs. *See Commonwealth v. Caldwell*, --- A.3d ---, 20115 WL 3444594, at *4 (Pa.Super. May 29, 2015) (challenge to consecutive sentences as unduly excessive, together with claim court failed to consider rehabilitative needs raised substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014) (excessiveness claim, together with claim court failed to consider mitigating factors, raised substantial question).

aggravated range of the sentencing guidelines does not raise a substantial question.

Further, even if we were to address the merits of the sentencing claim, the claim fails. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Crump*, 995 A.2d at 1282 (citing *Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super.2009) (citing *Commonwealth v. Devers*, 519 Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

The trial court found:

> As for the imposition of consecutive sentences, the aggregate sentence is not excessive given the harm inflicted by [Appellant] upon numerous individuals, families

- 11 -

and the community as a whole. A lesser sentence would have depreciated the seriousness of his devastating crimes. [Appellant's] suggestion that his crimes were not separate episodes that piled more and more harm upon his patients demonstrates his continued lack of remorse for his actions and a self-serving characterization of the ample trial evidence to the contrary.[] . . .

[The trial court], which had the benefit of a pre-sentence investigation report, amply set forth on the record the bases for the sentence imposed. (N.T. 6/5/ 14, pp. 27-32). [The trial court] also stated that it imposed aggravated-range sentences because there were multiple convictions and multiple victims, the crimes involved drug trafficking, defendant showed no remorse and the victims were in the care of a medical office managed by [Appellant]. Therefore, the claim that [the trial court] erred in fashioning its sentence is without merit.

Opinion, at 8-9. After a thorough review of the sentencing transcript, we find the trial court did not abuse its discretion in sentencing Appellant to consecutive, aggravated range sentences.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2015

- 12 -