J-S03041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| C. DIVINE ALLAH | |
| Appellant | No. 1507 EDA 2015 |

Appeal from the Judgment of Sentence April 22, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007641-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 27, 2016**

Appellant C. Divine Allah appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas following his guilty plea to two counts of possession of a controlled substance with an intent to deliver ("PWID"),[1] criminal use of a communication facility,[2] possession of drug paraphernalia,[3] and possession of a controlled substance by a person not registered.[4]  We affirm.

---

[1] 35 Pa.C.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

[3] 35 Pa.C.S. § 780-113(a)(32).

[4] 35 Pa.C.S. § 780-113(a)(16).

At the guilty plea hearing, the assistant district attorney set forth the following facts:

> On September 9th of 2014[, Officer Gansky and Officer Hill from the Bensalem Township Police Department] spoke with the confidential informant in reference to a black male named Anthony [who] sells heroin and crack cocaine. The confidential informant then placed a phone call to Anthony at 609-851-7401 and ordered up a "Trenton rack" of heroin and crack cocaine for $500. The confidential informant was then issued $500 of pre[-]recorded buy money.
>
> At approximately 6 p.m. Anthony advised the confidential informant that he was on-scene at the Parx Casino located at 2999 Street Road, Bensalem, Bucks County, Pennsylvania. At that time [Officer Gansky and Officer Hill] observed the confidential informant meet in the parking lot with a black male. The black male was later identified as [Appellant].
>
> [Appellant] and confidential informant were observed walking toward a green Ford Explorer. The confidential informant entered in the front passenger seat and [Appellant] entered into the . . . driver's seat . . . . While inside the vehicle, Officer Gansky could observe the confidential informant conducting a hand-to-hand transaction with [Appellant].
>
> Approximately two minutes later, the confidential informant exited from the vehicle. The [confidential informant] then met back with Officer Gansky and turned over five bundles, which equated to 44 baggies of heroin and two pieces of crack cocaine.
>
> After retrieving the heroin and crack cocaine, [the] officers followed and stopped the Ford Explorer and arrested [Appellant]. Within the vehicle the officers found a marijuana joint, as well as a soda can with a false bottom. When they opened the soda can, it contained the prerecorded buy money that had been issued to the confidential informant, as well as additional baggies with a white powdery substance believed to be heroin.

> Once taken back to the station, [Appellant] admitted to selling both the heroin and crack cocaine to the confidential informant earlier that day for $500.
>
> Those items that were recovered from the confidential informant were submitted to the Bucks County Crime Laboratory and tested positive for both heroin as well as crack cocaine. In terms of grams, the heroin was .93 grams and the crack cocaine was .51 grams.

N.T. 2/19/15, 15-18. Appellant agreed that the facts were substantially correct and admitted he sold drugs to the confidential informant. *Id.* at 18-21.

On February 19, 2015, Appellant pled guilty to the aforementioned charges. That same day the trial court imposed the following consecutive sentences: (1) on the first PWID count, the trial court sentenced Appellant to 30 to 96 months' incarceration; (2) on the second PWID count, the trial court sentenced Appellant to 18 to 60 months' incarceration; (3) on the criminal use of a communication facility count, the trial court sentenced Appellant to 12 to 60 months' incarceration. The trial court imposed no further penalty for the possession of drug paraphernalia and possession of a controlled substance convictions.

On February 24, 2015, Appellant filed a *pro se* motion for modification of sentence. The clerk of court sent Appellant a letter informing him that the Bucks County Public Defender's Office represented him. On March 2, 2015, new counsel filed an entry of appearance and a motion for reconsideration of sentence.

Following an April 22, 2015 hearing, the trial court granted the motion for reconsideration. The trial court re-sentenced Appellant to 12 to 30 months' incarceration on the criminal use of a communication facility conviction, decreasing the maximum sentence. The sentences imposed on the PWID convictions did not change.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue for our review:

> Did the [trial] court improperly double count [Appellant's] convictions for purposes of sentencing him under the sentencing guidelines when, sentencing him in the aggravated range, it placed undue reliance on his prior convictions?

Appellant's Brief at 7. Appellant's issue challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super.2013) (quoting ***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super.2006)); ***see also Allen***, 24 A.3d at 1064.

Appellant raised his discretionary aspect of sentence issue in a timely post-sentence motion, filed a timely notice of appeal, and included a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting ***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant maintains the trial court improperly considered his prior conviction when sentencing him in the aggravated range of the Sentencing Guidelines because his prior record score was considered to determine his guideline range. Appellant's Brief at 12-13. This issue raises a substantial question. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727-28 (Pa.Super.2000) (appellant raised substantial question when he alleged court

"imposed sentence outside the guidelines without stating legitimate reasons for doing so, instead improperly double-counting [the appellant's] criminal history and prior record"). We will, therefore, address the merits of Appellant's claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** (citing ***Commonwealth v. Walls***, 926 A.2d 957 (Pa.2007)).

The trial court did not abuse its discretion when sentencing Appellant. A trial court is permitted to consider a defendant's criminal record in fashioning a sentence, as long as the criminal history is not the sole factor. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super.2006) ("Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if they are used to supplement other extraneous sentencing information.").

Although the trial court considered Appellant's prior criminal history, it was one of many factors the trial court considered. N.T., 2/19/2015, at 27-47. The trial court noted that Appellant made a living out of selling drugs. ***Id.*** at 23, 42. The court also considered that Appellant was Recidivism Risk

- 6 -

Reduction Incentive ("RRRI") eligible, took responsibility for his actions, and that Appellant hoped to take care of his mother, who was ill. *Id.* at 23-47. The trial court considered the arguments from defense counsel and from the Commonwealth and considered Appellant's testimony and allocution at sentencing. *Id.* At the re-sentencing, the trial court also noted that the sentence was to act as a deterrent and considered Appellant's plan to abstain from alcohol and drug use and his plan to focus on his mother's health, as well as Appellant's acknowledgement that he had planned to gamble with the money from the drug transaction. N.T., 4/22/15, at 18-19, 27. The trial court provided reasons for the sentence imposed and did not abuse its discretion when it sentenced Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/27/2016