J-S92040-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL HUGE, | : | |
| | : | |
| Appellant | : | No. 1033 WDA 2016 |

Appeal from the PCRA Order June 20, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000557-2000

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.:        **FILED FEBRUARY 10, 2017**

Jason Paul Huge (Appellant) appeals from the order entered on June 20, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 19, 2000, Appellant was found guilty after a trial by jury of criminal attempt (burglary), theft by unlawful taking, and criminal conspiracy to commit burglary.  Appellant was sentenced on June 30, 2000, to five to ten years of incarceration followed by ten years of probation. Appellant was released from prison in January 2010 and placed on probation after serving his full term of incarceration.

> On January 25, 2010, an arrest warrant was issued when Appellant failed to report to special probation or disclose where he was living.  Appellant was arrested on June 3, 2010 in Jamestown, New York and incarcerated.  After a revocation hearing on August 2, 2010, Appellant was found in violation of

*Retired Senior Judge assigned to the Superior Court.

the terms of his probation, revoked, and resentenced to 6 months to 23 months of incarceration followed by 5 years of probation.

On June 3, 2011, Appellant was paroled. Before completing his parole sentence, Appellant absconded and an arrest warrant was issued. Appellant was taken into custody on April 20, 2012 and a revocation hearing was held on July 17, 2012. The [revocation] court revoked and reimposed the 6 months to 23 months of incarceration with 462 days of credit for time served.[2] The [revocation] court also revoked the 5 years of probation and imposed an additional 6 to 23½ months of incarceration followed by 3 years of probation, concurrent with the reimposed sentence. Appellant was stripped of any street time. [Appellant appealed to this Court, and we affirmed his judgment of sentence on April 29, 2013. *See Commonwealth v. Huge*, 75 A.3d 566 (Pa. Super. 2013) (unpublished memorandum).]

_____
[2] Credit was given from June 3, 2010 through June 10, 2011 and from April 20, 2012 through July 17, 2012, as calculated by the Erie County Probation and Parole Office and the Erie County Clerk of Courts.

Appellant was paroled on August 26, 2013. On September 16, 2015, Appellant was arrested. At the revocation hearing on November 23, 2015, the [revocation] court found Appellant in violation of numerous terms of his probation. The [revocation] court revoked Appellant's parole sentence of 6 to 23½ months of incarceration and resentenced him to the 500 days [of] time served, which rendered that portion of the sentence served and closed.[3] The [revocation] court also revoked Appellant's probationary sentence and resentenced him to 1 to 2 years of incarceration.

_____
[3] Credit was given from April 20, 2012 through July 17, 2012, September 16, 2015 through November 23, 2015 and included 25 days Appellant served in New York on an Erie County detainer.

On December 1, 2015, Appellant filed a motion for post-sentence relief. The motion was denied by order dated

- 2 -

December 9, 2015. Appellant did not file a direct appeal related to this revocation.

On May 2, 2016, [Appellant] filed a motion for time credit while in custody pursuant to 42 Pa.C.S. [§] 9760. Appellant's motion was denied by order dated May 18, 2016, as his time to file a motion for time credit and/or notice of appeal related to his November 23, 2015 resentencing expired. Attorney William J. Hathaway was appointed counsel for Appellant on May 26, 2016.

On June 1, 2016, Appellant filed a second motion for time credit while in custody pursuant to 42 Pa.C.S. [§] 9760. The [revocation] court issued an order on June 20, 2016, finding Appellant's motion moot, as he had previously been given credit for 500 days, which closed out his incarceration sentence imposed after his third revocation.

PCRA Court Opinion, 8/16/2016, at 2-3 (unnecessary capitalization omitted).[1]

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth one issue for our review: "Whether the lower court erred in denying PCRA relief in the nature of [a] provision of proper time credit?" Appellant's Brief at 2.[2]

In considering Appellant's issue, we bear in in mind the following. "A challenge to the trial court's failure to award credit for time served prior to

---

[1] The court properly treated Appellant's motion for time credit as a PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).

[2] We note with disapproval that the Commonwealth's brief merely incorporates the PCRA court opinion instead of responding to Appellant's argument.

sentencing involves the legality of a sentence." ***Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009).

> As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law[.] As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

> The governing statute provides the following.

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760.

In his appeal, Appellant challenges the allocation of credit time for the time he spent incarcerated between July 17, 2012 and August 26, 2013. During that time, he was serving two separate concurrent sentences of 6 to 23½ months each. Thus, he suggests the "parole portion should have maxed out on March 26, 2013[.]" Appellant's Brief at 4. Then, when Appellant was sentenced on November 23, 2015, the revocation court erred and sentenced Appellant illegally by crediting time spent between March 26, 2013 and August 26, 2013 to that parole sentence.

- 4 -

This argument is essentially the same argument Appellant set forth in his prior appeal to this Court. In that appeal, Appellant challenged the trial court's allocation of credit for 463 days of incarceration prior to his July 17, 2012 sentence. Counsel for Appellant explained that Appellant "seems to argue that since the sentences were imposed concurrently originally, the time credit he receives should also be imposed concurrently, on both sentences." *Huge*, 75 A.3d 566 (unpublished memorandum at 10). This Court rejected that argument, concluding that this challenge was "without merit" because Appellant "does not have the right to receive double credit." *Id*. at 11.

Here, Appellant's contention that the trial court sentenced him illegally by crediting time incarcerated between March 26, 2013 and August 26, 2013 to one sentence versus the other sentence is also without merit. Appellant was serving two concurrent six-to-23-month sentences. After he was paroled again in August of 2013, and then arrested in 2015, it was in the revocation court's discretion as to how to allocate the time served. The revocation court allocated the time served to Appellant's first sentence, rather than his second sentence, which it is entitled to do under section 9760.

As the PCRA court pointed out,

[w]hen [Appellant] was paroled on August 26, 2013, he had served 406 days leaving approximately 309 days of his parole

> sentence. At the revocation hearing on November 23, 2015, [Appellant] was revoked at each part of the split sentence. At the time of the revocation, [Appellant] had served 500 days since his last revocation, 38 more than he presently contends. Appellant was given credit for the 500 days on the 6 to 23½ month sentence and the sentence was discharged.

PCRA Court Opinion, 8/16/2016, at 3-4.

Based on the foregoing, we conclude that Appellant is not serving an illegal sentence. *See, e.g., Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010) ("[A] defendant [is not] automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum."); *McCray v. Pa. Dept. of Corr.*, 872 A.2d 1127, 1136 (Pa. 2005) (Castille, J. concurring) ("[A] VOP judge adequately 'credits' a defendant for 'time spent in custody' so long as he does not impose a VOP sentence which, when combined with the initial sentence, exceeds the statutory maximum.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/10/2017

- 6 -