**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE PAYNE | : | |
| | : | |
| Appellant | : | No. 1955 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 27, 2019,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0003557-2009.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 8, 2021**

Dwayne Payne appeals from the judgment of sentence imposed following revocation of his probation.  Additionally, Payne's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

This case arises from the following facts.  On September 21, 2009, Payne pled guilty to robbery[1] and was sentenced to 1 year less a day to 2 years less a day of incarceration.  Payne also pled guilty to fleeing or attempting to elude police[2] and was sentenced separately for this conviction

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701.

[2] 75 Pa.C.S.A. § 3733.

to 3 years of probation, consecutive to his sentence of incarceration for robbery.

As of May 21, 2011, Payne completed his sentence of incarceration. Payne then started his probation sentence for the fleeing and eluding conviction. Sometime during his probation, Payne left Pennsylvania.

On November 15, 2013, a bench warrant was issued for Payne alleging that he violated probation for: 1) a shoplifting conviction in Georgia; 2) failure to notify timely his probation officer of that arrest; and 3) leaving Pennsylvania without permission. However, because Payne was still in Georgia and his warrant was not extraditable, he could not be apprehended, and the court could not have a hearing on his violations.

Payne eventually returned to Pennsylvania. On January 4, 2019, Payne was arrested for the outstanding, 2013, probation violations.

On February 27, 2019, the VOP court conducted a probation revocation hearing. Payne stipulated to the violations. As a result, the court found that Payne violated his sentence of probation for the fleeing and eluding conviction, revoked that sentence, and resentenced him to 2 ½ to 5 years of incarceration. The court made this sentence effective as of January 4, 2019, giving Payne credit for time served from that date. Payne filed a *pro se* motion for reconsideration of sentence, which the court denied. No appeal was filed.

Following an amended Post-Conviction Relief Act[3] ("PCRA") petition and reinstatement of Payne's direct appellate rights by order dated September 15, 2020, Payne filed this timely appeal. Counsel filed a petition to withdraw from representation and an *Anders* brief with this Court. Payne did not retain independent counsel or file a *pro se* response to the *Anders* brief.

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Payne's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Payne stating counsel's intention to seek permission to withdraw and advising Payne of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Payne's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue that Payne wishes to raise. Payne claims that the trial court erred in its calculation of credit time for his sentence upon probation revocation. Specifically, Payne argues that he should have been given credit for time served under his original sentence of incarceration. Anders Brief at 8-9.

A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. **Commonwealth v. Johnson**, 967 A.2d 1001 (Pa. Super. 2009). Issues regarding the legality of a sentence are questions of law; our standard of review is *de novo* and our scope of review is plenary. **Id.**

The VOP court aptly observed, "[c]redit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending resolution of an appeal." 42 Pa.C.S.A. § 9760(1). A defendant is entitled to time served for all time the defendant has spent in custody prior to resentencing. **Johnson**, 967 A.2d at 1005.

Additionally, we note that "upon revocation [of probation] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Time served, when added to the revocation sentence, may not exceed the maximum sentence for a particular offense. With these principles in mind, we

find that the trial court did not err in calculating Payne's time served and imposing its sentence.

Here, the VOP court imposed Payne's sentence as of the date he was arrested and incarcerated on the outstanding warrant for his probation violations, January 4, 2019. Payne therefore received credit for time served prior to his resentencing consistent with 42 Pa.C.S.A. § 9771(b). Furthermore, although Payne previously served time in jail, that time was not attributable to his probation sentence for the fleeing and eluding conviction. Instead, it only applied to the separate sentence for Payne's robbery conviction. Consequently, the VOP court correctly refused to apply that time against Payne's new sentence upon revocation of his probation.

Additionally, we note that the maximum sentence for fleeing and eluding is 7 years. The trial court imposed a sentence of incarceration of 2 ½ to 5 years, which is less than the maximum allowed.

Thus, because Payne has already received appropriate credit for time served and his new sentence upon revocation of his probation did not exceed the maximum, we conclude that the trial court did not err when it resentenced Payne upon revocation of his probation. Payne's sole issue is frivolous.

Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Payne could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2021